# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MELIA MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, and | ) |
| UNIDENTIFIED POLICE OFFICERS, | )   **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, MELIA MARTIN, by and through their attorneys, MELINDA POWER and AMANDA YARUSSO, complaining of Defendants CITY OF CHICAGO and Unidentified Police Officers to hold Defendants liable and accountable for the unlawful seizure and excessive use of force against Plaintiff while attending a peaceful protest on August 15, 2020. In support, Plaintiff MARTIN alleges as follows:

### INTRODUCTION

1. Like many cities around the country, especially those with histories of police misconduct, protests erupted in Chicago in response to the murder of George Floyd by Minneapolis police in May 2020 and continued during the summer months of 2020.

2. Unidentified Chicago police officers unlawfully seized and physically attacked and injured Plaintiff MARTIN, a peaceful protester, who posed no threat to anyone.

3. As a result, Plaintiff was kettled, i.e., trapped, by Chicago police officers with no way to retreat to safety, was physically attacked by Chicago police officers, and had her bicycle and other property seized by Chicago police officers.

**PARTIES**

4. Plaintiff MELIA MARTIN is an Illinois resident who lives in Chicago. At all times relevant to this Complaint, Plaintiff was attending a peaceful assembly in the exercise of their First Amendment right.

5. Unidentified Police Officers are Chicago police officers who committed the acts set forth below as agents of the City of Chicago. Unidentified Police Officers engaged in the conduct complained of in the course and scope of their employment and under color of law.

6. Defendant CITY OF CHICAGO ("City" or "Chicago") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of Unidentified Police Officers.

**JURISDICTION AND VENUE**

7. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district and Defendant City of Chicago is a municipal corporation located here. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

**FACTS**

9. On August 15, 2020, around 4:00 p.m., protesters gathered in the area of Millennium Park and proceeded to march north to Michigan and Wacker, in downtown Chicago.

10. At all times relevant in this Complaint, Plaintiff was present at the protest to peacefully participate and exercise their First Amendment rights.

11. When the crowd arrived at the intersection of Michigan Avenue and Wacker Drive, the protesters were prevented from marching further north. The Michigan Avenue bridge

was raised and there was a line of Chicago police officers, including officers with bicycles, preventing the protest from proceeding.

12. Chicago police officers rerouted the group of protestors, including Plaintiff, south to Randolph and continued to push protestors south and west.

13. Eventually Chicago police officers kettled protestors, including Plaintiff, by closing bridges and surrounding them in the area of LaSalle and Adams Streets.[1]

14. At LaSalle and Adams Streets, protesters, including Plaintiff, legal observers, and members of the media were kettled together for approximately 45 minutes during which time, Plaintiff was not free to leave.

15. The kettling occurred at the end of ongoing violent actions directed by the Chicago police at the protestors.[2]

16. Protestors, including Plaintiff, pleaded to be released so that they could move to a safe place or go home.

17. Before allowing protestors to leave the area where officers had surrounded them, Chicago police officers demanded to search their bags without cause.

18. While Chicago police officers trapped Plaintiff and other protestors, Chicago police officers seized Plaintiff's bicycle.

19. Chicago police officers attacked Plaintiff, including striking Plaintiff with a baton and otherwise injured Plaintiff causing bruising, pain, and swelling on Plaintiff's face, back and

---

[1] See https://blockclubchicago.org/2020/08/17/at-tense-downtown-protest-police-kettle-activists-and-aldermen-have-questions/ ("Just after 7 p.m. Saturday, a few hundred people protesting police were marching south on LaSalle Street when officers blocked their path south at Adams Street. Another group of officers charged from the north, eventually trapping dozens of protesters and journalists at LaSalle and Adams, and making it impossible for them to immediately exit the area as police issued dispersal orders.")

[2] See https://www.chicagoreader.com/chicago/we-just-want-to-go-home/Content?oid=83201246 ("At LaSalle and Adams, protesters, legal observers, and members of the media were kettled together for 45 chaotic minutes at the end of what many have said was their most violent and horrifying protest of the summer. Injured protesters cried and begged to be released. Medics did their best to treat injuries with minimal supplies. Officers searched bags without cause, while taunting people.")

legs.

20. Neither the Unidentified Police Officers that seized and physically attacked Plaintiff, nor any other Chicago police officer, gave Plaintiff any warning or opportunity to leave prior to using physical force on Plaintiff .

21. At the time physical force was used on Plaintiff, Plaintiff was attempting to retreat along with the other protestors.

22. At various times throughout the protest, Plaintiff was also maced by unidentified Chicago police officers, without warning and without justification.

23. Plaintiff also had their bag, containing their personal property including their phone, identification and wallet, ripped from their person by Chicago police officers.

24. Plaintiff was eventually allowed to leave the narrow exit being guarded by Chicago police officers because Plaintiff had no bag to search.

25. Plaintiff proceeded to a nearby area to rest and was treated by a medic in attendance at the protest.

26. Plaintiff went to the emergency room on August 15, 2020, where they were examined and treated for their injuries and discharged on August 16, 2020.

27. Plaintiff remained on bed rest for five days following the incident.

28. Plaintiff has also been (and continues to be) treated for the emotional and mental distress they suffered as a result of the unlawful actions and abuse inflicted by Chicago police officers.

29. Plaintiff suffered physical and emotional pain, injury, suffering and distress, as well as loss of personal property, as a result of the Unidentified Police Officers' excessive use of force and seizure of Plaintiff's person and belongings.

## COUNT I
### 42 U.S.C. § 1983 - EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

30. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

31. As described in the preceding paragraphs, the conduct of Unidentified Police Officers constituted excessive force in violation of the United States Constitution.

32. Plaintiff suffered injuries as the result of Unidentified Police Officers' excessive use of force.

33. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and/or reckless indifference to the rights of Plaintiff.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages, plus the costs of this action and attorney fees, from the Unidentified Police Officers; in addition, Plaintiff demands punitive damages against the Unidentified Police Officers since they acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights, and whatever additional relief this Honorable Court deems equitable and just.

## COUNT II
### 42 U.S.C. § 1983 - UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

34. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

35. The actions and conduct of Chicago police officers, including the Unidentified Police Officers, as set forth above, in seizing Plaintiff's person and property without probable cause or other lawful basis violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure and Defendants Unidentified Police Officers should be held liable for doing so pursuant to 42 U.S.C. § 1983.

36. The actions and conduct of Defendants, as set forth above, were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights and caused Plaintiff

emotional distress, fear, anguish, humiliation, and loss of liberty as set forth more fully above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages, plus the costs of this action and attorney fees, from the Unidentified Police Officers; in addition, Plaintiff demands punitive damages against the Unidentified Police Officers since they acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights, and whatever additional relief this Honorable Court deems equitable and just.

## COUNT III
## STATE CLAIM FOR BATTERY

37. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

38. The acts of Defendant Unidentified Police Officers, agents, and employees of Defendant City of Chicago, in hitting Plaintiff with a baton and otherwise physically attacking and injuring Plaintiff were performed in a willful and wanton manner.

39. Defendants' actions caused unpermitted physical conduct of a harmful and/or offensive nature, to which Plaintiff did not consent, and thus constitute battery under the laws of the State of Illinois.

40. Defendant Unidentified Police Officers' actions were the cause of the physical and emotional pain and injury suffered by Plaintiff.

**WHEREFORE**, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, Plaintiff demands punitive damages because Defendants acted willfully and wantonly in disregard of Plaintiff's rights and safety, and whatever additional relief the Court deems equitable and just.

## COUNT IV
## RESPONDEAT SUPERIOR

41. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

42. Defendants Unidentified Police Officers and the other Chicago police officers

referenced in this Complaint who were involved in the seizure and battery of Plaintiff, were acting in the scope of their employment and as agents of their Defendant City of Chicago.

43. Defendant City of Chicago is liable for the acts of its agents and employees and is therefore liable for battery and any other state law claims that arise out of the incident that is the subject of this Complaint.

**WHEREFORE**, Plaintiff demands judgment for any state law claims against Defendant City of Chicago in the amount awarded to Plaintiff and/or against Unidentified Police Officers as damages, attorneys' fees, costs and interest and/or for any settlement entered into between Plaintiff and Defendants, and for whatever additional relief the Court deems equitable and just.

## COUNT V
## CLAIM AGAINST DEFENDANT CITY OF CHICAGO
## PURSUANT TO 745 ILCS 10/9-102

44. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

45. Defendant City of Chicago was the employer of Defendants Unidentified Police Officers at all times relevant to the complaint.

46. Unidentified Police Officers committed the acts alleged above under color of law and in the scope of their employment as employee of the City of Chicago.

**WHEREFORE**, Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the City of Chicago in the amount awarded to Plaintiff and/or against Unidentified Police Officers as damages, attorneys' fees, costs, and interest and/or for any settlement entered into between Plaintiff and Defendants, and for whatever additional relief the Court deems equitable and just.

Plaintiff demands trial by jury on all claims.

- 8 -

Submitted by:

| | |
|---|---|
| s/Melinda Power | s/Amanda S. Yarusso |
| Melinda Power | Amanda Yarusso |
| West Town Community Law Office | 111 W. Washington St, #1500 |
| 2502 W. Division, Chicago, Illinois 60622 | Chicago, Il 60602 |
| T: 773/278-6706 F: 773/278-0635 | T: 773-510-6198 |
| Melindapower1@gmail.com | amanda.yarusso@gmail.com |